UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

S.A. et al.,

Petitioners,

v.

COUNTY OF SAN BERNARDINO et al.,

Respondents.

Case No. 5:26-cv-06090-SB-SSC

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioners S.A. and Shomari Amos Alberts, self-represented litigants seeking to proceed in forma pauperis, filed a petition for a writ of habeas corpus challenging ongoing child-custody proceedings in state court. Dkt. No. 1. The Court screens the petition to determine whether it "plainly appears" that Petitioners are not entitled to relief. Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. 1915(e) (requiring dismissal if a case is "frivolous" or "fails to state a claim").

I.

The 553-page petition is difficult to decipher. Petitioner Shomari Amos Alberts principally alleges that Respondents wrongfully removed his children from his custody. Dkt. No. 1-2 at 4.[1] He alleges that investigators were initially called about a verbal altercation with his partner but thereafter expanded their investigation. *Id.* On July 22, 2026, Rosa Alvaro, who works for Children and Family Services, signed an affidavit stating there was probable cause to believe Alberts's children were at risk of harm, including possible sexual abuse, and obtained a warrant to interview the children. Dkt. No. 1-1 at 35. One week later, she initiated a juvenile dependency proceeding under California Welfare &

[1] All page cites to docket entries are to the CM/ECF pagination.

Institutions Code § 300(b)(1) because Alberts's children were purportedly exposed to ongoing domestic violence. Dkt. No. 1-1 at 32. The state dependency proceedings remain ongoing. Dkt. No. 1-2 at 3.

On October 15, 2026, Alberts and S.A., a minor, filed this petition for a writ of habeas corpus challenging the state custody proceedings. Alberts primarily alleges that his due-process rights were violated because Alvaro has committed perjury; the state court has refused to allow him to make meaningful objections and "violated the 4 canon law"; and the court has ignored his objections to its jurisdiction. Dkt. No. 1 at 3; Dkt. No. 1-3 at 44, 56. The petition contains numerous attachments, including emails, letters, court filings, and at times nonsensical documents. *See e.g.*, Dkt. No. 1 at 14 (attaching a citizen's criminal complaint that relies, in part, on the Uniform Commercial Code); Dkt. No. 1-4 at 44 (demanding the superior court desist its activities and emphasizing the principles of "ecclesiastical trespass and canonical breach"). Although not explicit, Petitioners appear to seek an order that would require this Court to intervene in the state proceeding.

II.

Pursuant to Rule 4 of the Habeas Corpus Rules, a district court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition" that the petitioner is not entitled to relief. Rule 4 Rules Governing Section 2254 Cases; *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Because this Court plainly lacks jurisdiction to entertain the petition,  dismissal is warranted.

A.

Alberts filed this habeas petition because his parental rights may be terminated, and he asks this Court to interfere in an ongoing child-custody proceeding. The Court lacks habeas jurisdiction over this dispute. *See Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982) (noting that "federal habeas has never been available to challenge parental rights or child custody"); *see also Wiles ex rel. J.D.Z. v. Ariz. Dep't of Child Safety*, 790 F. App'x 85 (9th Cir. 2020) (stating that § 2254 "does not confer federal habeas jurisdiction over challenges to state child custody proceedings)"). Accordingly, the petition is subject to summary dismissal.

B.

A district court may convert a habeas petition into a civil-rights action when circumstances warrant conversion. *See Nettles v. Grounds*, 830 F.3d 922, 935–36 (9th Cir. 2016) (en banc). This is not one of those circumstances.

Albert's lawsuit raises serious abstention concerns. Under *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts generally must abstain from interfering with ongoing state proceedings that implicate important state interests and afford an adequate opportunity to raise federal constitutional challenges. *See H.C. ex rel. Gorden v. Koppel*, 203 F.3d 610, 612–14 (9th Cir. 2000) (applying *Younger* abstention to a federal challenge of ongoing child-custody proceedings). Here, Alberts challenges the state court's jurisdiction, its consideration of evidence, and the procedures governing the removal of his children—matters ordinarily subject to review in the state proceedings. His requested relief would effectively require this Court to supervise or interfere with those proceedings. Nothing in the petition establishes that he cannot raise his constitutional objections in state court or that an exception to *Younger* applies. These obstacles counsel against converting the petition into a § 1983 action.

The petition's form and content further counsel against conversion. Spanning 553 pages, it combines court filings, correspondence, and repetitive, often incoherent assertions of legal authority, including purported violations of ecclesiastical law and claims invoking the Uniform Commercial Code. Rather than presenting identifiable claims supported by specific factual allegations, the petition largely consists of collateral attacks on the state dependency proceedings. It falls well short of Rules 8 and 10 and would be subject to dismissal if construed as a civil-rights complaint. *See Gibson v. City of Portland*, 165 F.4th 1265 (9th Cir. 2026). The Court declines to convert this sprawling, procedurally defective filing into a separate civil action.

Finally, Alberts may not represent S.A. in this action. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").

III.

Accordingly, the Court dismisses the habeas petition for lack of subject-matter jurisdiction and without prejudice to a separately filed civil action. Alberts is cautioned, however, that any civil complaint must identify each defendant, the

claims and supporting facts against each, and the relief sought, in a short, plain statement with numbered paragraphs. Fed. R. Civ. P. 8(a)(2), 10(b). A sprawling, 553-page pleading like the present petition constitutes a "shotgun" pleading that violates these requirements and would be subject to dismissal. *See Gibson*, 165 F.4th at 1287.

Date: November 20, 2026

Stanley Blumenfeld, Jr.
United States District Judge